UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: TIMOTHY P. WALSH                    :
                                           :
                                           :    Misc. No. 10-3008
                                           :

## RESPONSE TO AMENDED MOTION TO EXAMINE/DISGORGE COUNSEL FEES

Timothy P. Walsh hereby responds to the referenced Motion filed (and amended) by the Office of the United States Trustee as follows:

1-6. The averments respecting the six cases are admitted.

7. It is averred that Counsel deeply regrets the situation caused by his actions and inactions with regard to the six bankruptcy cases which are the subject of the Motion as amended and as testament thereto, the following amounts have been provided to the replacement counsel for each of the Debtors in question for partial reimbursement of the legal fees paid to Counsel[1]:

   a. $450.50 re: Patricia Ann Mullin, Bankruptcy No. 10-16665.

   b. $850.50 re: Andrea Lynn Franciosa, Bankruptcy No. 10-16663.

   c. $450.50 re: Arthur Christopher Ryan, Bankruptcy No. 10-18101.

   d. $600.50 re: Jack and Nancy Dwyer, Bankruptcy No. 10-13874.

   e. $850.50 re: Timothy and Maureen Dougherty, Bankruptcy No. 10-16498.

   f. $1,000.50 re: Tammy and Donald McBride, Bankruptcy No. 10-1130.

---

[1] The Debtors referenced in subparagraphs a. through e. are represented by Eugene J. Malady, Esq. and individual checks in each respective amount were provided to him on December 23, 2010. Lawrence Rubin, Esq. was provided with money orders in the appropriate amount regarding the McBride case (e.) on December 9, 2010.

8. It is further averred that Counsel has addressed and is continuing to address the problems which caused this situation with the assistance of other attorneys and counseling and that he is capable of handling current and future bankruptcy cases in a timely and competent manner.

**WHEREFORE,** Counsel requests that the above-referenced response be deemed sufficient to satisfy the issue of examination/disgorgement with regard to the cases above and concedes that the Court must issue an Order for such other relief as the Court deems appropriate and just.

Respectfully Submitted,

*/s/ Timothy P. Walsh*
TIMOTHY P. WALSH, ESQUIRE